1
2
3
4
5
6
7
8                                    **UNITED STATES DISTRICT COURT**
                                    **NORTHERN DISTRICT OF CALIFORNIA**
9
10   OAKPAC, OAKLAND                          )   Case No. C 06-6366
     METROPOLITAN CHAMBER OF                  )
     COMMERCE, an unincorporated              )   **TEMPORARY RESTRAINING**
11   association, OAKLAND                     )   **ORDER**
     METROPOLITAN CHAMBER OF                  )
12   COMMERCE INDEPENDENT                     )
     EXPENDITURE COMMITTEE ("OAK-             )
13   IE-PAC"), an unincorporated association; )
     MICHAEL COLBRUNO, an individual;         )
14   and SCOTT B. PETERSON, an                )
     individual;                              )
15                                            )
                                              )
16              Plaintiffs,                   )
                                              )
17         v.                                 )
                                              )
18   THE CITY OF OAKLAND; THE CITY            )
     OF OAKLAND PUBLIC ETHICS                 )
19   COMMISSION; DOES 1                       )
     through 10.                              )
20                                            )
                Defendants.                   )
21   _____)

22
            The application of Plaintiffs OakPAC, Oakland Metropolitan Chamber of
23
     Commerce ("OakPAC"), Oakland Metropolitan Chamber of Commerce Independent
24
     Expenditure Committee ("Oak-IE-PAC"), Michael Colbruno, and Scott Peterson for a
25
     Temporary Restraining Order to prevent Defendants the City of Oakland ("City") and the
26
     City of Oakland Public Ethics Commission ("Commission") during the pendency of this
27
     litigation from enforcing its ordinance restricting contributions to persons and broad
28
                                                    1
     [PROPOSED] TEMPORARY RESTRAINING ORDER

based committees making independent expenditures and thereby infringing their First Amendment rights of speech and association has duly been considered by this Court. Proper notice pursuant to Local Rule 65-1(b) was provided to Defendants. The Court reviewed pleadings submitted by the parties, and all parties were heard at the hearing. Having considered all the arguments, and good cause appearing, the Court **GRANTS** Plaintiffs' Temporary Restraining Order and Defendants are accordingly enjoined from enforcing the limitations set forth in Oakland Municipal Code ("OMC") sections 3.12.050(C-E) and 3.12.060 (C-E).

The Court's conclusion is based on the following findings:

1. Plaintiffs have demonstrated a substantial likelihood of success on the merits of their First Amendment challenge to OMC sections 3.12.050(C-E) and 3.12.060(C-E). By law, independent expenditures can not be coordinated with candidates benefitting from the expenditures. (California Government Code ["GC"]) sections 82031 and 85500.) Under these restrictions, when making independent expenditures, Plaintiffs can not consult with, interact with, or otherwise coordinate its independent expenditure communications with the benefitting candidate and/or his or her agents.

2. OCRA's limits on contributions to independent political committees are triggered only by the content of the speech conducted by the committee, *i.e.*, speech expressly advocating the election or defeat of a candidate. (*See* OMC sections 3.12.050(C) & 3.12.060(C); Cal. Govt. Code section 82031.) By limiting the source of funds available for political committees to conduct independent expenditures, OCRA's challenged provisions act as both a limit on contributions to the committee <u>and as a limit on its expenditures</u>. *See Lincoln Club v. City of Irvine*, 292 F.3d 934, 939 (9th Cir. 2002).

3. As both the Ninth Circuit and this District have recognized, expenditure regulations impinge upon the "quantity of expression" that the Supreme Court sought to protect in *Buckley v. Valeo*, 424 U.S. 1, 21 (1976). The City's ordinance thus has the effect of "restricting the number of issues discussed, the depth of their exploration, and

2

the size of the audience reached." *Id*. at 19.  In such instances, courts apply strict scrutiny to assess the constitutionality of the regulation.  *See Lincoln Club*, 292 F.3d at 937-939. The City, however, argues that pursuant to footnote 48 in *McConnell v. Federal Election Commission*, 540 U.S. 93, 152 n.48 (2003), which discussed *California Medical Association v. Federal Election Commission*, 453 U.S. 182 (1981), the Court should apply a lesser level of scrutiny.  The Court, however, is unpersuaded by the City's reading of these decisions and finds no basis in the language the City cites to support application of a lesser level of scrutiny.  Particularly, the Court finds *McConnell* distinguishable, in that, the contribution regulations at issue in that case did not impinge on core First Amendment interests, like the municipal ordinances at issue here.  Moreover, the focus in *McConnell* was on contribution limits and the connection between contributors, national party committees receiving contributions, and those holding federal office.  On this record, there is no evidence of such a nexus between the Plaintiffs and their expenditures and the municipal candidates.  The Court therefore concludes that the appropriate standard of review for the City's ordinance is strict scrutiny.  Accordingly, the City's ordinance must be narrowly tailored to serve a compelling government interest.

4. Under strict scrutiny, OMC sections 3.12.050(C-E) and 3.12.060(C-E) do not serve a compelling governmental interest.  The only government interest proffered by Defendant is preventing the corruption of candidates for public office, or the appearance of corruption.  However, because independent expenditures must be conducted without the input or knowledge of the benefitting candidate, the Court finds no basis in the record before it to support limits on contributions to independent expenditure committees under the anti-corruption rationale.

5. Based on the arguments presented by the parties, the Court finds that Plaintiffs have no adequate remedy at law to secure the rights to speech secured to them by the First Amendment.  Unless this court enjoins Defendants from enforcing OMC sections 3.12.050(C-E) and 3.12.060(C-E), Plaintiffs and other persons who desire to

exercise their rights of speech and association in the November 7, 2006 election, but are limited in doing so, will be irreparably damaged.  In fact, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

5. Because OMC sections 3.12.050(C-E) and 3.12.060(C-E) have the practical effect of limiting the amount of independent expenditures that can be made and interfering with the ability of like-minded persons to support their political views, these harms to Plaintiffs' expressive and associational freedoms far outweigh any potential harm to the City.

For these reasons, the Court finds granting Plaintiffs' Request for a Temporary Restraining Order appropriate.  Under Federal Rule of Civil Procedure 65(c), parties seeking injunctive relief are required to post bond with the Court, "in such sum as the court deems proper."  "In noncommercial cases, however, courts should consider the hardship a bond requirement would impose on the party seeking the injunction in addition to the expenses the enjoined party may incur as a result of the injunction." *Cupolo v. Bay Area Rapid Transit*, 5 F. Supp.2d 1078, 1086 (N.D. Cal. 1997).)  The Court may waive the bond requirement altogether when "the balance of equities weighs overwhelmingly in favor of the party seeking the injunction." *Id*.  This is a non-commercial case posing absolutely no risk of any added expense for the City as a result of the injunction.  In contrast, the financial hardship imposed on Plaintiffs by a bond requirement is severe.  Here, any bond requirement would only further impede Plaintiffs' ability to conduct the political advocacy forming the basis for their request for injunctive relief.  Because a bond requirement would present an severe financial burden, the Court **GRANTS** Plaintiffs' request that the Court exercise its discretion to waive such a requirement.

/ / /

/ / /

/ / /

4

[PROPOSED] TEMPORARY RESTRAINING ORDER

In sum, this Court **GRANTS** Plaintiffs' Application for a Temporary Restraining Order. Together with its officers, agents, servants, employees, attorneys, and those persons in active concert or participating with them who receive actual notice of this Order, Defendants the City and the Commission are hereby enjoined from enforcing OMC sections 3.12.050(C-E) and 3.12.060(C-E). This Temporary Restraining Order shall remain in effect until November 2, 2006, or until dissolved by further order of this Court.

**IT IS SO ORDERED.**

Dated: 10/19/2006           By: _____
                                Martin J. Jenkins
                                United States District Judge