```
1  JOHN A. RUSSO, City Attorney – SBN:129729
   BARBARA J. PARKER, Chief Assistant City Atty – SBN: 069722
2  MARK T. MORODOMI, Supervising Deputy City Atty- SBN:120914
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California 94612
   Telephone: (510) 238-6101       Fax: (510) 238-6500
4  Email: mmorodomi@oaklandcityattorney.org
   X02940/554597
5
   Attorneys for
6  CITY OF OAKLAND and CITY OF OAKLAND
   PUBLIC ETHICS COMMISSION
7
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKPAC, OAKLAND METROPOLITAN CHAMBER OF COMMERCE, an unincorporated association, OAKLAND METROPOLITAN CHAMBER OF COMMERCE INDEPENDENT EXPENDITURE COMMITTEE ("OAK-IE-PAC"), an unincorporated association; MICHAEL COLBRUNO, an individual; and SCOTT B. PETERSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF OAKLAND; THE CITY OF OAKLAND PUBLIC ETHICS COMMISSION; DOES 1 TO 10, <br><br> Defendants. | Case No. CV 06-06366WHA <br><br> **STIPULATED JUDGMENT** |

## STIPULATION

Plaintiffs OakPAC, Oakland Metropolitan Chamber of Commerce, Oakland Metropolitan Chamber of Commerce Independent Expenditure Committee, Michael Colbruno, and Scott B. Peterson, on the one hand (collectively, "Plaintiffs"), and Defendants City of Oakland ("City") and the City of Oakland Public Ethics Commission ("Commission"), on the other hand (collectively, "Defendants"), by and through their respective counsel, hereby stipulate to the attached judgment.

-1-

SO STIPULATED

Dated: March 18, 2009

By: /s/ James R. Sutton
James R. Sutton
The Sutton Law Firm, P.C.
Attorneys for Plaintiffs

Dated: March __, 2009

By: _____
Mark T. Morodomi, Supervising Deputy City Attorney
Attorney for Defendants

-2-

**SO STIPULATED**

Dated: March __, 2009

By: _____
James R. Sutton
The Sutton Law Firm, P.C.
Attorneys for Plaintiffs

Dated: March /8, 2009

By: /s/ M. Morodomi
Mark T. Morodomi, Supervising Deputy City Attorney
Attorney for Defendants

-2-

## JUDGMENT

1. The Court granted a temporary restraining order on October 19, 2006, enjoining the Defendants from enforcing Oakland Municipal Code ("OMC") sections 3.12.050 (C-E) and 3.12.060 (C-E).

2. The Court granted Stipulated Stay Orders in this matter on October 31, 2006, December 18, 2006, and July 26, 2007. Under the Stipulated Stay Orders, the Defendants were ordered to not enforce OMC sections 3.12.050 (C-E) and 3.12.060 (C-E).

3. There is currently on appeal the case of Long Beach Area Chamber of Commerce, et al, v. City of Long Beach, et al., No. CV06-1497 PSG (C.D. Cal. Apr. 10, 2007), U.S.C.A. Dckt. Nos. 07-55691, 07-56190, 07-56081; ("Long Beach"), which presents similar First Amendment issues for judicial resolution that are implicated in this case. In Long Beach, the district court enjoined the City of Long Beach from enforcing its ordinance limiting contributions to the Long Beach Chamber of Commerce for the purpose of making independent expenditures supporting or opposing City candidates. Also, there is currently pending before the Honorable Jeffrey S. White in this Court the case of Committee on JOBS Candidate Advocacy Fund et al. v. Herrera, et. al., No. C 07-3199 JSW (N.D. Cal. Sept. 20, 2007; "JOBS"), which challenges a San Francisco ordinance similar to the Oakland ordinance at issue in this case. On September 20, 2007, the Court enjoined the City and County of San Francisco from enforcing its ordinance limiting contributions to independent expenditure committees supporting or opposing San Francisco candidates.

4. In light of these pending cases, rather than expending judicial and party resources and incurring further attorney's fees, the parties desire to resolve this case under the terms and conditions set forth herein.

5. Pursuant to the agreement of the parties, Defendants, together with their officers, agents, servants, employees, attorneys, and those persons in active concert or participating with them, shall not enforce OMC sections 3.12.050 (C-E) and 3.12.060 (C-E), or any other ordinance limiting

contributions to political committees for the purpose of making independent expenditures supporting or opposing City candidates, against Plaintiffs or any other persons, until and unless any subsequent decision by the Ninth Circuit in the Long Beach appeal or any other future Ninth Circuit or United States Supreme Court decision holds that limits on contributions to independent expenditure committees are constitutional.

6. The City of Oakland shall promptly pay Plaintiffs the amount of $75,000 for attorney's fees incurred in litigating this matter through the date of this judgment. Each party shall bear its own costs. Any subsequent decision in the Long Beach case or any other Ninth Circuit or United States Supreme Court decision involving the issues raised in this case will not affect this payment obligation in any way whatsoever.

7. Any party may unilaterally seek modification of this judgment in light of any subsequent decision by the Ninth Circuit in the Long Beach appeal or any other future Ninth Circuit or United States Supreme Court decision which holds that limits on contributions to independent expenditure committees are constitutional.

8. This Court reserves jurisdiction to modify, interpret or dissolve this judgment.

PURSUANT TO THE PARTIES STIPULATION, IT IS SO ORDERED.

Dated: March 20, 2009    By: _____
                              Honorable William Alsup
                              United States District Judge



IT IS SO ORDERED AS MODIFIED
Judge William Alsup

The Court shall retain jurisdiction for one year or until 60 days after the case *Long Beach Area Chamber of Commerce v. City of Long Beach* referenced herein is decided, whichever is later.

-4-

STIPULATED JUDGMENT                                              CV 06-06366WHA